UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REV. ANTHONY STEVENS and SOLOMON LEROY BROOKS,<br><br>        Plaintiffs,<br><br>    v.<br><br>FRANCIS SLAY, Mayor of City of St. Louis, GERARD NESTER, St. Louis City Public Administrator, JOE MOKWA, Chief of St. Louis City Police Department, JAMES MURPHY, St. Louis City Sheriff, DAVID G. LUPO, GEORGE SHERMAN, Chief of St. Louis City Fire Department, UNKNOWN PARTY, Alderperson, and BERNICE KING,<br><br>        Defendants. | Case No. 07-cv-790-JPG |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

**I.    Jurisdiction**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the complaint filed by the plaintiffs:

1.  **Failure to allege a federal question under 28 U.S.C. § 1331.** Based on the plaintiffs' reference in the complaint to the Constitution, the Court believes that they are relying on federal question jurisdiction to invoke the authority of this Court to hear this matter. However, although the Complaint alleges numerous facts, cites several federal statutes, and makes vague reference to plaintiff Stevens' due process rights, the Court is unable to detect any specific cause of action arising under the Constitution, laws or treaties of the United States. It is a plaintiff's burden to set forth a claim for relief and a short and plain statement of the grounds for the Court's jurisdiction and of the claim showing that he is entitled to relief.. Fed. R. Civ. P. 8(a). The plaintiffs' complaint fails to do this.

**II.    Venue**

The Court also notes that the events alleged in the complaint appear to have occurred exclusively in the state of Missouri and that the plaintiffs themselves reside in Missouri. The Court

suspects that the defendants may live in Missouri as well.  This raises questions about whether this Court or a United States District Court sitting in Missouri is the proper or more appropriate forum for this litigation.

The general venue statute, 28 U.S.C. § 1391, provides that actions not founded solely on diversity jurisdiction may only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Court has doubts about whether venue exists in this district.

### III.   Show Cause Order

For the foregoing reasons, the Court hereby **ORDERS** the plaintiffs to **SHOW CAUSE** on or before December 14, 2007, (1) why this case should not be dismissed for lack of subject matter jurisdiction and (2) why, if subject matter jurisdiction exists, this case should not be transferred to the United States District Court for the Eastern District of Missouri, either for improper venue pursuant to 28 U.S.C. § 1406 or for the convenience of the parties pursuant to 28 U.S.C. § 1404.  Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**
**DATED:  November 26, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**